UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TERRI HOLLIDAY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,<br><br>　　Defendants. | Case No. 10-cv-1248 |

# O R D E R  &  O P I N I O N

Before the Court is Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. 4), filed on August 18, 2010. On September 7, 2010, Defendant timely responded (Doc. 5); and on September 13, 2010, with leave of Court, Defendant filed an Amended Opposition to Plaintiff's Motion to Remand. (Doc. 7). Finally, on September 20, 2010, Plaintiff filed a Motion for Leave to File a Supplement to its Motion to Remand (Doc. 8), to which Defendant has responded (Doc. 9). For the following reasons, Plaintiff's Motion for Leave to File Supplement (Doc. 7) is DENIED, and Plaintiff's Motion for Remand (Doc. 4) is GRANTED.

## PROCEDURAL BACKGROUND

On July 10, 2010, Plaintiff filed suit against Defendant in the Eleventh Judicial Circuit, McClean County, Illinois. (Doc. 1-1). In her Complaint, Plaintiff alleges that Defendant's negligence, by and through its agents, resulted in serious injuries to the Plaintiff when she was struck by a vehicle driven by one of Defendant's valet drivers. (Doc. 1-1 at 3). Plaintiff alleges damages for "medical

and hospital expenses, past and future; pain and suffering, past and future; disability and/or the impaired ability to participate in her activities of daily living, past and future." (Doc. 1-1 at 4). Accordingly, she prays for "the entry of judgment in her favor . . . in an amount in excess of [$50,000], and prays for her cost of suit." (Doc. 1-1 at 4). Defendant was served with the Complaint on July 27, 2010, and on August 11, 2010, filed a Notice of Removal in this Court. (Doc. 1). In its Notice of Removal, Defendant asserts that this Court had jurisdiction pursuant to 28 U.S.C. 1332(a)(1). Defendant alleges that both parties are diverse[1] and that the amount in controversy is greater than $75,000.[2] (Doc. 1 at 2).

On August 18, 2010, Plaintiff filed her instant Motion to Remand. In her Motion, Plaintiff argues that the amount in controversy in this case does not exceed $75,000, and therefore this Court is without jurisdiction. (Doc. 4 at 1). Plaintiff claims that unless Defendant will stipulate that damages in this case are in excess of $75,000, it cannot fulfill its burden of proof that the requisite amount in controversy exists. Further, she alleges that her actual damages are less than $15,000 and that she will seek less than $75,000 in her settlement proposal. (Doc. 4 at 5-6).

---

[1] Plaintiff is an Illinois resident; Defendant is a Delaware limited partnership, whose two partners are registered in Delaware and have their principal place of business in Pennsylvania. Diversity of the parties is not at issue in the instant matter.

[2] Specifically, Defendant alleges that "Plaintiff has not been entirely forthcoming about her alleged injuries and damages in her Complaint, but counsel for [Defendant] has every reason to believe, based upon years of experience litigating cases with substantially the same or similar alleged injuries and damages in this jurisdiction and surrounding jurisdictions, that Plaintiff's alleged damages place the amount in controversy in excess of $75,000." (Doc. 1 at 2).

On September 13, 2010, Defendant filed an Amended Opposition, which was consented to Plaintiff. In it, Defendant countered that it had offered to remand the case in exchange for Plaintiff's stipulation to a recovery of less than $75,000, however Plaintiff had refused to so stipulate. (Doc. 7-1 at 4-5). Accordingly, Defendant argues, unless Plaintiff stipulates that her damages were *less than* $75,000, it has met its burden of proof and the case should not be remanded. (Doc. 7-1 at 6-7). One week later, on September 20, Plaintiff filed a Motion for Leave to File a Supplement to its Motion to Remand. (Doc. 8). Because the Court finds that Defendant has failed to carry its burden of proof with regards to the amount in controversy in this case, it need not consider Plaintiff's Supplement. According, Plaintiff's Motion for Leave to File a Supplement is DENIED.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441, a defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance. The removal statute, however, is to be narrowly construed and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal Inc.*, 985 F.2d 901, 911 (7th Cir. 1993). In this case, jurisdiction may only be based upon diversity of citizenship. 28 U.S.C. § 1332. There is no question here that the parties are diverse, the only issue is if the amount in controversy exceeds $75,000.

When a defendant removes an action to federal court, the amount in controversy is the amount required to satisfy plaintiff's demands on the date of removal. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). Because the defendant is the party seeking federal jurisdiction, it bears "the burden

3

of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). The Seventh Circuit has provided several examples of how a defendant may do this, such as "by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations . . . ; by reference to the plaintiff's informal estimates or settlement demands . . . ; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy plaintiff's demands." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). This list is not exclusive, however the defendant must support its estimate in some way or another with competent proof. *Id.* at 542.

Here, Defendant does not offer any proof that the amount in controversy requirement has been met other than its assertion that, in defense counsel's experience, plaintiffs alleging the same or similar injuries in this and surrounding jurisdictions have recovered more than $75,000. (Doc. 1 at 2). Defendant states that complaint itself is evidence of this fact because it alleges a serious accident and seeks money damages exceeding $50,000. (Doc. 7-1 at 4). Defendant cites to a Seventh Circuit case for the proposition that such evidence is sufficient to support this Court's jurisdiction. *See Andrews v. E.I. DuPont Demours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006). However, in that case the plaintiff did not contest that the amount-in-controversy exceeded $75,000, the Seventh Circuit was merely reviewing *sua sponte* its jurisdiction over the case. *See id.* Unlike *Andrews*, here the Plaintiff has explicitly disputed that the amount in controversy exceeds $75,000 and thus the

Court will not take Plaintiff's state court claim for more than $50,000 as proof that at least another $25,000 is at stake.

In addition, Defendant alleges that because Plaintiff has refused to stipulate that she will not attempt to recover more than $75,000, this Court can draw the inference that the amount in controversy requirement is met. Even the Defendant, however, recognizes that standing alone, such refusal does not satisfy Defendant's burden of proof regarding the amount-in-controversy. (Doc. 7-1 at 5 n.2). *See also Willyard v. Wal-Mart Stores, Inc.*, No. 08-cv-492, 2009 WL 303636 at *3 (granting plaintiff's motion to remand where the only evidence of an amount-in-controversy exceeding $75,000 was a state court complaint alleging damages in excess of $50,000 as well as severe and permanent injuries and plaintiff's refusal to stipulate to a recovery of less than $75,000).

The Court emphasizes that the burden of proof is on Defendant to establish by a preponderance of the evidence that the amount-in-controversy requirement has been met, and the removal statute is to be interpreted narrowly with any doubts construed in favor of remand. Because Defendant has not put forward enough proof to show that Plaintiff's complaint seeks greater than $75,000 in damages, Plaintiff's Motion is GRANTED.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File Supplement (Doc. 8) is DENIED Plaintiff's Motion to Remand (Doc. 4) is GRANTED. This case is REMANDED to the Eleventh Judicial Circuit, McClean County, Illinois. IT IS SO ORDERED.

Entered this 24th day of November, 2010.

                                   s/ Joe B. McDade
                                  JOE BILLY McDADE
                             United States Senior District Judge